IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JASON LAMBERT,

    Plaintiff,

v.                                   Civil Action No. 1:18-cv-01491
                                   (Formerly Mercer County Circuit Court, Civil Action No. 18-C-291)

THE KROGER CO.,

    Defendant.

## NOTICE OF REMOVAL

Defendant The Kroger Co. ("Kroger") hereby gives notice of removal of the action styled *Jason Lambert v. The Kroger Co.*, Civil Action No. 18-C-291, pending in the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are as follows:

1. On or about November 5, 2018, Plaintiff Jason Lambert ("Lambert") filed his Complaint in the Circuit Court of Mercer County, West Virginia against Kroger. Kroger was served with the Summons and Complaint on November 5, 2018 via the West Virginia Secretary of State.

2. Copies of the Summons, Complaint, and all other documents served on Kroger are attached as **Exhibit A**. A certified copy of the Mercer County Circuit Court docket sheet is attached as **Exhibit B**. A complete copy of the Mercer County Circuit Court file is attached as **Exhibit C**.

3. This Notice of Removal is being filed within thirty (30) days after service of Lambert's Complaint on Kroger, and is thereby timely filed under 28 U.S.C. § 1446(b).

4. Lambert alleges that Kroger committed employment discrimination in violation of the West Virginia Human Rights Act ("Human Rights Act"), W.Va. Code § 5-11-1, *et seq.*, on the basis of age and gender. He also alleges a cause of action for intentional infliction of emotional distress ("IIED").

## Diversity Jurisdiction

5. This action is properly removable under 28 U.S.C. § 1441, based on diversity jurisdiction, and this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), as amended, which provides, in pertinent part, as follows:

   (a) This district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . .

      (2) citizens of different states; . . .

6. Lambert is a citizen and resident of Mercer County, West Virginia. (Complaint, ¶ 2).

7. Kroger is an Ohio corporation with its principal place of business in Cincinnati, Ohio (**Exhibit D**, Ohio and West Virginia Secretary of State documents).

8. Accordingly, there is complete diversity of citizenship in this case as defined by 28 U.S.C. § 1332(a) and, as set forth below, the amount in controversy requirement is met.

## Amount in Controversy

9. The amount in controversy for purposes of diversity jurisdiction "is measured by the value of the object of the litigation." *McCoy v. Erie Ins. Co.*, 147 F. Supp.2d 481, 492 (S.D. W.Va. 2001).

10. A court may consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *See Weddington v. Ford Motor Credit Co.*, 59 F. Supp.2d 578, 584 (S.D. W.Va. 1999).

11. In making the assessment of the value of the object of the litigation, the Fourth Circuit employs the "either viewpoint" rule—that is, that the value of the object of the litigation may be the value to either the plaintiff or the defendant. *See Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (noting that "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which judgment would produce'").

12. The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. Where the original complaint does not state a specific damages amount, the defendant must prove by a preponderance of the evidence, *i.e.*, that it is more likely than not, that the amount in controversy exceeds $75,000. *Allman v. Chancellor Health Partners, Inc.*, 2009 U.S. Dist. LEXIS 57022, *3 (N.D. W.Va. Mar. 2, 2009); *Sayre v. Potts*, 32 F. Supp.2d 881, 886 (S.D. W.Va. 1999). In addressing the propriety of removal, courts look to the record existing at the time the petition for removal was filed. *Sayre*, 32 F. Supp.2d at 886. Specifically, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case it stands at the time of removal. *Id.* A court can consider the type and extent of the plaintiff's injuries and the possible damages recoverable, including punitive damages and, where provided by statute, attorneys' fees and costs that might be

awarded. *Id.*; *Jones v. Capitol One Bank*, 2009 U.S. Dist. LEXIS 98807 (S.D. W.Va. Oct. 15, 2009). Here, utilizing the "common sense" approach leads to the unavoidable conclusion that more than $75,000 is in controversy. *Allman*, 2009 U.S. Dist. LEXIS 57022 at *3–4; *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D. W.Va. 1994).

13. Lambert claims that he was discriminated against on the basis of his age and his gender in violation of the Human Rights Act. Lambert also raises a cause of action for IIED.

14. Although Lambert's Complaint does not state a specific monetary amount of damages, he contends, that as a result of the Human Rights Act violation, he suffered lost wages and benefits, indignity, embarrassment, humiliation, annoyance, and inconvenience. (Complaint, ¶¶ 64–65, 69–70). Lambert further alleges that he suffered severe emotional distress as a result of Kroger's actions. (Complaint, ¶ 75). As such, Lambert seeks damages, "including lost wages, benefits, back pay, front pay, damages for indignity, embarrassment, humiliation, annoyance, inconvenience, punitive damages, prejudgment interest as provided by law, attorney fees and costs, and any and all such further relief as this Honorable Court may deem just and proper." (Complaint, WHEREFORE Paragraph).

15. Assuming Lambert is successful, lost wages and benefits alone could easily surpass the jurisdictional amount. *See, e.g.*, *Burke-Parsons-Bowlby Corp. v. Rice*, 736 S.E.2d 338, 340 (W.Va. 2012) (affirming the jury award in an age discrimination case of $2,133,991.00, comprised entirely of back and front pay); *Young v. Bellofram Corp.*, 705 S.E.2d 560, 563 n.1 (W.Va. 2010) (overruled on other grounds) (noting that the circuit court granted an award of $180,376 in lost wages and benefits damages in an age and gender discrimination case); *W.Va. Am. Water Co. v. Nagy*, 2011 W.Va. LEXIS 183, *4–5 (W.Va. June 15, 2011) (affirming the jury award in an age discrimination case containing more than $1,000,000 in back and front pay).

Likewise, emotional distress damages, standing alone, can easily approach or surpass the $75,000 threshold. *See Nagy*, 2011 LEXIS 183 at *4–5 (affirming the jury award of $150,000 in emotional distress damages in an age discrimination case); *Mace v. Charleston Area Med. Ctr. Found.*, 422 S.E.2d 624 (W.Va. 1992) (affirming $50,000 in emotional distress damages in a retaliatory discharge case).

16. The Court must also consider "any punitive damages which may be awarded." *Allman*, 2009 U.S. Dist. LEXIS 57022 at *5. Indeed, the conclusion of a claim for punitive damages is typically sufficient by itself for the amount in controversy to be met. As Judge Haden noted, a request for punitive damages "inevitably inflates a plaintiff's potential for recovery." *Bryant v. Wal-Mart Stores East, Inc.*, 117 F. Supp.2d 555, 556 (S.D. W.Va. 2000); *see also Heller v. TriEnergy, Inc.*, 2012 U.S. Dist. LEXIS 94003, *26 (N.D. W.Va. July 9, 2012). Claims arising under the Human Rights Act plainly allow for an award of punitive damages. *Virden v. Altria Grp., Inc.*, 304 F. Supp.2d 832, 850 (N.D. W.Va. 2004) (*citing Haynes v. Rhone-Poulenc*, 521 S.E.2d 331, 336 (W.Va. 1999) (holding that punitive damages are available under the Human Rights Act)). Therefore, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *Bryant*, 117 F. Supp.2d at 556–57 (denying plaintiff's motion for remand where punitive damages were sought in the complaint, even though the plaintiff contended that only $70,000 was at stake); *see also Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp.2d 788, 790–91 (S.D. W.Va. 2002) (denying plaintiff's motion to remand where punitive damages were sought in the complaint, even though the plaintiff signed an affidavit stating that he would not seek more than $74,500).

Here, Lambert has requested punitive damages and such damages are an available form of relief. *Haynes*, 521 S.E.2d at 336. Consequently, the amount-in-controversy requirement is plainly met.

17. Attorney fees are included in the determination of the amount in controversy when they are provided for by statute. "While attorney fees and costs are typically excluded from the jurisdictional amount, such fees are countable when mandated by a contract or a statute." *Rembert v. The Cadle Co.*, 2008 U.S. Dist. LEXIS 3422, *5 (N.D. W.Va. Jan. 16, 2008) (*citing Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 200 (1933)). Here, just like the statute at issue in *Rembert*, the Human Rights Act contains a fee-shifting provision at W.Va. Code § 5-11-13. According to the Supreme Court of Appeals of West Virginia, "effective enforcement of the human rights law depends upon the action of private citizens who, from our observations of these matters, usually lack the resources to retain the legal counsel necessary to vindicate their rights. Full enforcement of the civil rights act requires adequate fee awards." *Bishop Coal Co. v. Salyers*, 380 S.E.2d 238, 247 (W.Va. 1989). Thus, here, attorney fees should properly be included in the amount-in-controversy analysis. While there are not a lot of reported decisions detailing the actual amount of fee awards in Human Rights Act cases, a 19 year old decision by the Supreme Court of Appeals of West Virginia upheld an award of $29,850.79. *Lack v. Wal-Mart Stores, Inc.*, 56 F. Supp.2d 674 (S.D. W.Va. 1999) (reversed on the merits of the case). More recently, the Fourth Circuit upheld a $273,596 grant of attorney fees in a disability discrimination claim under the Human Rights Act. *Calef v. FedEx Ground Packaging Sys.*, 343 Fed. Appx. 891 (4th Cir. 2009) (unpublished). Additionally, the Supreme Court of Appeals of West Virginia noted in *Young* that the circuit court granted the plaintiff the sum of $127,961.85 in attorney's fees and costs in her age and gender discrimination case. *Young*, 705 S.E.2d at 563 n.2. Certainly, in the present case, common sense dictates that the amount-in-controversy

requirement is met. Therefore, this case is properly removable on the basis of diversity jurisdiction.

18. Based on all of the foregoing, Kroger has removed this action from the Circuit Court of Mercer County, West Virginia to the United States District Court for the Southern District of West Virginia. Accordingly, no further proceedings in this civil action may occur in the Mercer County Circuit Court.

19. Kroger reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Mercer County, West Virginia. A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit E**.

**THE KROGER CO.**

By Counsel

/s/ Brian J. Moore
Brian J. Moore (WV State Bar #8898)
Kelsey Haught Parsons (WV State Bar #13205)
Dinsmore & Shohl LLP
P.O. Box 11887
707 Virginia Street, East, Suite 1300
Charleston, WV 25339-1887
Telephone (304) 357-0900
Facsimile (304) 357-0919
brian.moore@dinsmore.com
kelsey.haughtparsons@dinsmore.com

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**JASON LAMBERT,**

    **Plaintiff,**

v.                                            Civil Action No. 1:18-cv-01491
                                                  (Formerly Mercer County Circuit Court, Civil Action No. 18-C-291)

**THE KROGER CO.,**

    **Defendant.**

## CERTIFICATE OF SERVICE

    I, Brian J. Moore, hereby certify that on the 5th day of December, 2018, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system, and certify that I have served the following by regular U.S. mail, postage prepaid:

Tammy Bowles Raines
Tammy Bowles Raines Law Office, PLLC
227 Capitol Street, Suite 201
Charleston, WV 25301
*Counsel for Plaintiff*

Anthony M. Salvatore
Hewitt & Salvatore, PLLC
204 N. Court Street
Fayetteville, WV 25840
*Counsel for Plaintiff*

                                                      /s/ Brian J. Moore
                                                      Brian J. Moore (WV State Bar #8898)
                                                      Dinsmore & Shohl LLP
                                                      P.O. Box 11887
                                                      707 Virginia Street, East, Suite 1300
                                                      Charleston, WV 25339-1887
                                                      Telephone (304) 357-0900
                                                      Facsimile (304) 357-0919
                                                      brian.moore@dinsmore.com

14236497v1